# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

Andrea Hayes and Damian Hayes,

        Plaintiffs,

   v.

Medishare Incorporated and Christian Care Ministry, Inc.,

        Defendants.

Case No. ___9:23-cv-04597-DCN___

## ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES

Pursuant to Local Civil Rule 26.01, Defendant Christian Care Ministry, Inc., on behalf of itself and purported defendant "Medishare, Incorporated" (collectively "CCM"),[1] by and through undersigned counsel, hereby submits the following answers to the interrogatories found in Local Civil Rule 26.01:

**(A)** State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

    **ANSWER:** **None.**

**(B)** As to each claim, state whether it should be tried jury or nonjury and why.

    **ANSWER:** **No claim asserted in Plaintiffs' Complaint should be tried to a jury. All of Plaintiffs' claims arise from and are governed by a contract that contains mandatory mediation and arbitration provisions.**

---

[1] Plaintiffs named "Medishare, Incorporated" as a defendant in the state court action. There is no such legal entity. *See* Exhibit B to Defendants' Notice of Removal (ECF No. 1-2).

**(C)**    State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party: and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

> **ANSWER:**    **CCM is not a publicly owned company. It is not a parent, subsidiary, partner, or affiliate of any publicly owned company. No publicly owned company owns ten percent or more of any shares or other ownership indicia of CCM. And CCM does not own ten percent or more of the outstanding shares of any publicly owned company.**

**(D)**    State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civil Rule 3.01.

> **ANSWER:**    **Plaintiffs filed this action in state court in Beaufort County, alleging they are residents of Beaufort County, South Carolina, and that the parties' contract was to be performed in whole or in part in Beaufort County. CCM does not, for purposes of removing the case to federal court, contest the propriety of the geographic selection of this Division. CCM does not, however, concede that Plaintiffs' claims may be asserted in this or any other court, as the claims in Plaintiffs' Complaint all arise from and are governed by a contract that contains mandatory mediation and arbitration provisions.**

**(E)**    Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status

2

of the related action.  Counsel should disclose any cases which *may be* related regardless of whether they are still pending.  Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**    No.

**(F)**    If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:**    **Plaintiffs named "Medishare, Incorporated" as a defendant in the state court action that has been removed to this Court. There is no such legal entity. Rather, Medi-Share is the name of CCM's medical-bills-sharing ministry, which is not its own legal entity. Counsel is willing to accept service of an amended summons and pleading reflecting the correct identification (e.g., naming only Christian Care Ministry, Inc., as a defendant), but in so doing does not concede that this proceeding is properly asserted in any court, since the claims in Plaintiffs' Complaint all arise from and are governed by a contract that contains mandatory mediation and arbitration provisions.**

**(G)**    If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER:**    **Not applicable.**

Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: _s/ Miles E. Coleman_____
      Miles E. Coleman
      Federal Bar No. 11594
      E-Mail: miles.coleman@nelsonmullins.com
      Rayja Fowler
      Federal Bar No. 14056
      E-Mail: rayja.fowler@nelsonmullins.com
      2 W. Washington St. / 4th Floor
      Greenville, SC 29601
      (864) 373-2352

September 12, 2023